UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ELIZABETH RODRIGUEZ, as mother and natural guardian of infant N.T.,

                              Plaintiff,

-against-

CITY OF NEW YORK; Police Officer MANDEEP SINGH, Shield No. 1166; and JOHN and JANE DOE 1 through 10,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

16 CV 2113 (RJS)

<u>Jury Trial Demanded</u>

        Defendant CITY OF NEW YORK (hereinafter "Defendant"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the First Amended Complaint ("Complaint"), respectfully alleges, upon information and belief, as follows:

        1.    Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

        2.    Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to bring this action and base jurisdiction as stated therein.

        3.    Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.    Denies the allegations set forth in paragraph "4" of the Complaint except admits that plaintiff purports to base venue as stated therein.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

6. Paragraph "6" of the Complaint is a demand for trial by jury, and accordingly, requires no response.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that The City of New York maintains a police department, and respectfully refers the Court to the New York City Charter and the New York City Administrative Code for a recitation of its functions.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that on November 13, 2015, Mandeep Singh was employed by the City of New York as a Police Officer, and that plaintiff purports to sue him as set forth therein.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admits that plaintiff purports to proceed as stated therein

12. Paragraph "12" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly, requires no response.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint, except admits that plaintiff was transported to the 41st Precinct.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complain, except admit that plaintiff was released.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, except admits that plaintiff went to St. Barnabas Hospital, where she received crutches, and a prescription for Ibuprofen.

27. Denies the allegations set forth in paragraph "27" of the Complaint, except admits the City of New York received a document purporting to be a notice of claim pertaining to plaintiff on or about December 23, 2015.

28. Denies the allegations set forth in paragraph "28" of the Complaint, except admit that the claim has not been adjusted or paid.

29. Denies the allegations set forth in paragraph "29" of the Complaint, except admits that the Complaint in this matter was filed on or about March 22, 2016.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, Defendant repeats and realleges the responses set forth within the preceding paragraphs as though fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. In response to the allegations set forth in paragraph "34" of the Complaint, Defendant repeats and realleges the responses set forth within the preceding paragraphs as though fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. In response to the allegations set forth in paragraph "37" of the Complaint, Defendant repeats and realleges the responses set forth within the preceding paragraphs as though fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint, and further states that paragraph "42" of the Complaint sets for conclusions of law, rather than averments of fact, and accordingly, requires no response.

43. Denies the allegations set forth in paragraph "43" of the Complaint

44. In response to the allegations set forth in paragraph "44" of the Complaint, Defendant repeats and realleges the responses set forth within the preceding paragraphs as though fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. In response to the allegations set forth in paragraph "47" of the Complaint, Defendant repeats and realleges the responses set forth within the preceding paragraphs as though fully set forth herein.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies the allegations set forth in paragraph "49" of the Complaint, and further states that paragraph "48" of the Complaint sets for conclusions of law, rather than averments of fact, and accordingly, requires no response.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. In response to the allegations set forth in paragraph "51" of the Complaint, Defendant repeats and realleges the responses set forth within the preceding paragraphs as though fully set forth herein.

52. Paragraph "52" of the Complaint sets forth conclusions of law, rather than averments of fact, and accordingly, requires no response.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. Denies the allegations set forth in paragraph "56" of the Complaint.

57. In response to the allegations set forth in paragraph "57" of the Complaint, Defendant repeats and realleges the responses set forth within the preceding paragraphs as though fully set forth herein.

58. Denies the allegations set forth in paragraph "58" of the Complaint, and further states that the allegations set forth therein regarding "scope of employment" constitute conclusions of law, rather than averments of fact, and accordingly, require no response.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "58" of the Complaint, and further states that the allegations set forth therein regarding "*respondeat superior*" constitute conclusions of law, rather than averments of fact, and accordingly, require no response.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. In response to the allegations set forth in paragraph "62" of the Complaint, Defendant repeats and realleges the responses set forth within the preceding paragraphs as though fully set forth herein.

63. Denies the allegations set forth in paragraph "63" of the Complaint, and further states that the allegations set forth therein regarding "scope of employment" constitute conclusions of law, rather than averments of fact, and accordingly, require no response.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint, and further states that the allegations set forth therein regarding "*respondeat superior*" constitute conclusions of law, rather than averments of fact, and accordingly, require no response.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

67. In response to the allegations set forth in paragraph "67" of the Complaint, Defendant repeats and realleges the responses set forth within the preceding paragraphs as though fully set forth herein.

68. Denies the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

71. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

72. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor has it violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

73. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the intervening culpable or negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

74. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

75. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

76. Plaintiff's state law claims may be barred, in whole or in part, because plaintiff may have failed to comply with the conditions precedent to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

77. At all times relevant to the acts alleged in the Complaint, defendant The City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, defendant The City of New York is entitled to governmental immunity from liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

78. To the extent plaintiff alleges claims under State law, such claims may be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

79. To the extent plaintiff alleges claims under State law, such claims may be barred in part by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

80. Plaintiff may have failed to mitigate her alleged damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

81. There was reasonable suspicion and/or probable cause for any stop, seizure, detention and/or search.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

82. There was probable cause for plaintiff's arrest, detention and prosecution.

**WHEREFORE**, defendants CITY OF NEW YORK requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          July 5, 2017

              ZACHARY W. CARTER
              Corporation Counsel of the City of New York
              *Attorney for defendant City*

              /s/
By: _____
              Daniel H. Oliner
              Assistant Corporation Counsel
              Special Federal Litigation Division
              New York City Law Department
              100 Church Street, Room 3-203(A)
              New York, New York 10007
              212.356.2329

To: Baree Nichole Fett, Esq. (*via ecf*)
   Harvis &Fett LLP
   *Attorneys for plaintiff*