


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH RODRIGUEZ as mother and natural guardian of infant N.T.,

Plaintiff,

-v-

CITY OF NEW YORK *et al.*,

Defendants.

No. 16-cv-2113 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On October 27, 2017, the Court held an infant compromise hearing in this matter pursuant to Local Rule 83.2. Having considered the affidavit of Elizabeth Rodriguez, the parent and guardian of the Infant Plaintiff, N.T. (Doc. No. 43-3), the revised declaration of Andrew Baree N. Fett, attorney for Plaintiff (Doc. No. 43), the proposed settlement agreement (received by email on October 19, 2017), and the testimony at the hearing, the Court finds that the settlement is fair and reasonable and that the best interests of the Infant would be served by approval of the revised proposed settlement. *See Mateo v. United States*, No. 06-cv-2647 (KNF), 2008 WL 3166974, at *2 (S.D.N.Y. Aug. 6, 2008); *see also* Local Civ. R. 83.2(a); New York Judiciary Law ("NY Jud. Law") § 474; New York Civil Practice Law and Rules ("CPLR") §§ 1205–08.

Accordingly, IT IS HEREBY ORDERED THAT:

(1) Elizabeth Rodriguez, the parent and guardian (the "Parent") of the Infant, is authorized and empowered, in the interest of her child, N.T., to settle and compromise the Infant Plaintiff's claims for money damages against Defendants;

(2) the Court approves the settlement of 90,000 to be paid by Defendants to settle all claims between the parties;

(3) of the $90,000 paid, an amount of $30,348.89 shall be made payable to Harvis & Fett in payment of reasonable attorney's fees and costs made on Plaintiff's behalf.

(4) of the $90,000 paid, an amount of $59,651.11 shall be made payable to the Parent on behalf of the Infant, to be deposited in an interest-bearing account at the TD Bank located at 1866 Westchester Avenue, Bronx, New York 10472 (the "Bank") and held for the sole use and benefit of the Infant in an account paying the highest rate of interest available, until the Infant Plaintiff reaches the age of eighteen years, or as further ordered by the Court;

(5) the Bank is authorized and directed to maintain one hundred percent (100%) of said funds in a form of deposit in the Bank yielding the highest rate of interest available, provided that said funds shall be in such a form that it will be available to the Infant Plaintiff when she attains the age of eighteen years;

(6) no withdrawals from the account shall be made unless and until the Court grants an application from the Parent demonstrating a financial need that will benefit the child;

(7) when the Infant has attained the age of eighteen years, upon demand therefore, together with presentation of the proper proof of said age, the Bank is directed to pay over to the Infant all monies then on deposit in said account, together with any interest accrued thereon;

(8) each year (or quarterly) during the minority of the Infant, upon presentation to the Bank of a duly executed income tax return or documentation showing the amount of income or estimated tax due on behalf of the infant, the Bank shall provide the Infant's guardian with checks made payable to the Internal Revenue Service and/or State and/or Municipal Taxing Authority to which said income tax is owed by said Infant. However, the check shall be only for such amounts as may be due and payable for that portion of the Infant's personal income tax

liability attributable to income earned on said accounts (including interest and penalties thereon) as shown on any official bill therefore issued by the taxing authority. The checks shall identify the infant and said Infant's social security number in order to insure that said amounts are being made for the benefit of the Infant;

(9) the Bank is hereby authorized without further order of this Court to pay out of the Infant's bank account, reasonable fees for the preparation of any income tax, return or estimated income tax return or accounting that may be required to be filed by or on the Infant's behalf. The fee shall not exceed $150.00 without the further order of the Court;

(10) in the event of the death of the Infant prior to the payment date as set forth above, and in the event that the Infant Plaintiff has not designated a beneficiary or beneficiaries, then payment shall be immediately made to the estate of the Infant;

(11) upon full compliance with all of the terms of this Order, the Parent is authorized, empowered, and permitted to execute and deliver a general release and any other papers necessary to effectuate the settlement herein; and

(12) this Court retains jurisdiction over this action for enforcing this compromise order and for enforcing the terms of the underlying settlement, and for entering and enforcing this compromise order directing the disposition of funds.

SO ORDERED.

Dated: November 1, 2017
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE